**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ROSARIO PAREDES SALAZAR (A-No. 236-473-447),<br><br>Petitioner,<br><br>v.<br><br>ANDREWS, et al.,<br><br>Respondents. | Case No. 1:26-cv-07993-JLT-EPG<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 3, 4) |

Before the Court is Jose Rosario Paredes Salazar's motion for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that petitioner is detained under 8 U.S.C. § 1225(b)(2), but conceding that under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), Petitioner is entitled to a custody redetermination hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). (Doc. 9.) For the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought

## I. FACTUAL BACKGROUND

Petitioner is from Mexico. (Doc. 1, ¶ 12.) Petitioner entered the United States sometime in 1997 but voluntarily returned to Mexico in 1997. (*Id.* at ¶ 23.) Petitioner re-entered the United States in January 1998 and was not encountered by immigration officials at that time. (*Id.*; *see also* Doc. 9-1 at 2–3.) For the past twenty-eight years, Petitioner lived in the United States. (*See* Doc. 1, ¶ 23.) He married his current wife with whom he had four kids. (*Id.*) Petitioner indicates that he is the sole provider for his family and that his wife is currently battling cancer. (*Id.*) In December 2025, Petitioner's oldest child submitted an I-130 petition for alien relative for Petitioner and his wife, which remains pending. (*Id.*) In December 2025, Petitioner also submitted an I-485 application to adjust status, which remains pending. (*Id.*; *see also* Doc. 9-1 at 3.) On February 19, 2026, Petitioner was convicted of fighting or challenging another in a public place under Cal. Pen. Code § 415(1). (Doc. 9-1 at 3; Doc. 9-5 at 8.) Petitioner served 10 days in jail and was released. (Doc. 9-1 at 3.)

On August 21, 2026, Petitioner reported to USCIS for a scheduled interview in connection with his I-485 application. (Doc. 9-1 at 2.) At the conclusion of his interview, Petitioner was arrested by ICE pursuant to an I-200 administrative warrant. (*Id.*; *see also* Doc. 9-2 at 1.) That day, DHS also issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 9-3 at 1.) DHS also issued a Notice of Custody Determination indicating that Petitioner would be detained pending a final administrative decision in his case. (Doc. 9-4 at 1.) Petitioner was subsequently transferred to the Golden State Annex Detention Facility, where he remains. (Doc. 1, ¶ 1.) Petitioner is currently subject to a final order of removal.[2]

On September 28, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 16.) On

---

additional briefing on the merits of the habeas petition. (Doc. 7.) Respondents do not request a hearing or further briefing. (Doc. 9.) Petitioner did not file a reply. Thus, the Court decides this case on the underlying habeas petition on the current record.

[2] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 28, 2026).

October 6, 2026, Respondents filed an opposition arguing that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) but conceding that Petitioner is entitled to a custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a). (Doc. 9.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

As Respondents concede, and pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), the Court finds that § 1226(a) governs Petitioner's detention. Petitioner falls into a class of non-citizens who were apprehended in the interior of the United States without ever being admitted by immigration officials. This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Thus, Petitioner is entitled to a bond hearing under 8 USC § 1226(a). For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above.
2. The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.

3. The motion to appoint counsel (Doc. 3) is **DENIED**.[3]

4. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.

5. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 29, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[3] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, because the Court GRANTS the habeas petition and orders a substantive bond hearing, the interests of justice do not require appointment of counsel.